IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00134-MSK–KMT

DEBRA L. HOLTE, and
BUDDY BEDS, LLC

    Plaintiffs,

v.

TITAN CHAIR LLC,
TITAN CHAIR LLC d/b/a ICOZEEDOGBED and/or ICOZEEDOGBED.COM,
STEVEN CHA, and
SUN K. CHA

    Defendants.

## ORDER

This matter is before the court on "Plaintiffs' Unopposed Motion to Amend Their Complaint Pursuant to Fed. R. Civ. P. 15(a)." (Doc. No. 15, filed June 2, 2010.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay,

> bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl*., 712 F.2d 444, 446 (10th Cir. 1983).

Plaintiffs seek to amend their Complaint (Doc. No. 1, filed Jan. 21, 2010) in response to the District Court's suggestion that Plaintiffs should clarify which claims of the '604 patent Defendants are allegedly infringing upon so that Defendants can determine whether any claims in the '604 patent will require construction in a *Markman* hearing. Defendants do not oppose Plaintiffs' Motion.

This case is in the early stages of litigation. The court has yet to enter a scheduling order in this case, which, pursuant to Fed. R. Civ. P. 16, will establish a deadline for amending the pleadings. Moreover, because the changes in Plaintiffs' proposed First Amended Complaint are largely cosmetic, the court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

"Plaintiffs' Unopposed Motion to Amend Their Complaint Pursuant to Fed. R. Civ. P. 15(a)." (Doc. No. 15) is GRANTED. The Clerk of Court shall file Plaintiffs' "First Amended

2

Complaint for Patent Infringement, False Advertising under the Lanham Act, and Violation of Colorado's Consumer Protection Act." (Doc. No. 15–1.)

Dated this 3rd day of June, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge